Brevard, J.
Id this case, my opinion is, that the motion ought to he rejected; and for the reasons following : The advertisement of the defendant, that at such a place, on such a day, he would expose for sale, a number of prime negro slaves, I consider in the light of a notice to persons wishing to purchase slaves in order to attract bidders, and not as intending to hold out the terms or conditions of the proposed sale. I cannot believe the defendant intended by his advertisement to warrant the soundness of every slave, to be sold on the day, and at the place mentioned; and that every such slave should answer the description given in the advertisement of the whole gang collectively; I cannot believe the advertisement was so understood by any purchaser at the sale. It is not reasonable to suppose the defendant meant, by his advertisement to preclude himself from selling any but such slaves as should answer the desciiption of prime slaves, upon such terms and conditions as he might fairly propose and agree to, verbally or otherwise, at the time of sale; or that every purchaser at the sale, could understand the advertisement in any other light than that of a mere notice, that prime slaves would be offered for sale upon such terms and conditions, as should be declared at the time and place of sale. A slave in everv respect prime, at the time of advertising, might become unsound or materially defective before the day of sale; yet can it be seriously pretended that the defendant was estopped by his advertisement from selling him, at the time and place proposed, upon such terms as might be fairly de- *78 clai’ecl at the time of selling? The case of Gunnis and others vs. Erhart, 1 H. Black. Rep. 289. is very different from the present. In that case, the printed conditions of the sale stated, that the copy-hold estate offered for sale was free from all incum-brances. This was a false representation, made at the time of the sale, and the purchaser at the sale relied upon it, and was deceived. Parol evidence •was indeed offered, to prove that the auctioneer had publicly declared, when the estate was put up, that it was charged with the incumbrance to which it was subject, which the court refused to admit; but it was refused on the ground that verbal declarations at an auction, contrary to the printed conditions of sale could not be admitted without opening a door to fraud; and there was no evidence that the purchaser had particular personal information of the inheritance in question.
In the present case, the testimony of two or three witnesses was given in evidence, to prove that it was expressly declared at the sale, that the buyer was to run the risk of unsoundness, and of every defect save that of title, and that the appearance of the slave in question, indicated unsoundness. This evidence was objected to, upon the authority or reason of the case of Gunnis vs. Erhart, which I have already noticed, and which appears to me very distinguishable from this case. I am of opinion that, in cases like the present, the advertisement of sale is never intended to state the conditions of sale; but that the conditions are to be made known at the *79 time of sale, unless otherwise plainly and clearly ex- ' * k J J pressed; and that it is not necessary to prove particular and personal notice to the purchaser, of the conditions declared at the sale; it is always to be presumed that he has had notice.
In the view I have taken of this case, with all its circumstances, it appears to me that the evidence given at the trial was properly admitted, and was fairly left to the jury : and I do not feel authorised, from the impressions made on my mind by the evidence stated and commented on, to say that the verdict is not supported by sufficient evidence.
Gbimke, J.
A new tidal is moved for in this ease, because parol evidence was admitted by the judge to contradict an advertisement in which the negroes to be sold were described to be prime; but the defendant proved that when the wench was put up for sale, she appeared emaciated, that it was visible to the eye of every one, that she was diseased^ and that, therefore, unless there was an express warranty of soundness, notwithstanding and in com tradiction to the sickly appearance of the wench, plaintiff could not recover. He also proved that at the sale, it was declared, that nothing but the title would be warranted ; but he did not bring home to the plaintiff, the hearing of this declaration.
The plaintiff now alledges that such evidence ought not to have been received j and quotes a case *80 from jj Black. 289. where an advertisement declared that a certain tenement, which was for sale, was free from incumbrance. But though it did appear, that the plaintiffs could have proved, that a counter declaration to the advertisement was made at the time of sale, as in this case, yet there was no proof that the declaration had come to the ears of the purchaser, or that he could have been, by any thing which happened at the sale, put on his guard, or been informed of the circumstance. This case then does not tally with the one before us ; for here the very sight of the wcneh was sufficiently indicative of a very bad state of health ; and the law lays it down, that there is a class of cases where, though a man is deceived, he can maintain no action: as where the affirmation is, that the thing sold has not a defect, which is a visible one, there the imposition, the fraudulent intent is admitted, but it is no tort. 3d D. & E. 54. We are, therefore, of opinion that no new trial should be granted.
The other Judges concurred.